J-S40014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NELSON KIRK | : | |
| | : | |
| Appellant | : | No. 3016 EDA 2016 |

Appeal from the PCRA Order August 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1108841-1991

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JULY 19, 2017**

Appellant, Nelson Kirk, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

Appellant was convicted of involuntary deviate sexual intercourse, kidnapping, robbery, aggravated assault, and criminal conspiracy.   On February 24, 1995, the court sentenced Appellant to an aggregate term of 20-40 years' imprisonment.  On July 28, 1997, this Court affirmed judgment of sentence, and on March 19, 1998, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  Ninety days later, on or

_____

[*] Former Justice specially assigned to the Superior Court.

about June 19, 1998, Appellant's judgment of sentence became final upon the expiration of time allotted to appeal to the United States Supreme Court. *See* U.S. Sup.Ct. Rule 13, 28 U.S.C.A.

Appellant filed his first PCRA petition on November 27, 1998. Appointed counsel did not file an amended petition but instead filed a *Turner/Finley*[1] no-merit letter on September 15, 1999. On November 1, 1999, the PCRA court dismissed the petition and granted counsel leave to withdraw. Appellant filed an appeal and the court appointed counsel to represent him. Appointed counsel, however, also filed a *Turner/Finley* letter requesting leave to withdraw, which this court granted in its memorandum decision of May 23, 2001, affirming the order denying Appellant PCRA relief.

On February 18, 2016, Appellant filed the current, serial *pro se* PCRA petition. The court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, on June 20, 2016. The court denied PCRA relief on August 18, 2016. On September 19, 2016, Appellant timely filed a *pro se* notice of appeal and voluntary concise statement per Pa.R.A.P. 1925(b).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

As noted, Appellant's judgment of sentence became final on or about June 19, 1998, upon expiration of the time for filing a direct appeal with the United States Supreme Court. Appellant filed the current serial PCRA petition on February 18, 2016, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). In Appellant's hand-written, *pro se* brief on appeal, he raises only claims asserting the ineffective assistance of trial counsel. Both our Supreme Court and this Court, however, have held repeatedly that claims of ineffectiveness of counsel cannot save an otherwise untimely PCRA petition. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (holding that ineffectiveness of counsel claim generally does not constitute an exception to the PCRA time requirements); *Commonwealth v. Williams*, 35 A.3d 44, 54 (Pa.Super. 2011). Accordingly, we agree with the PCRA court that

Appellant's serial petition was untimely and that he has failed to plead and prove the applicability of a timeliness exception.

Order is AFFIRMED.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017